UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 1:09-CR-176 |
| | ) | *Collier / Lee* |
| JOHN HENRY BAILEY, | ) | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

Before the Court is the motion of Defendant, John Henry Bailey, to marry while in federal custody [Doc. 11]. The Government has filed a response opposing Defendant's motion until such time as the charges against him are resolved [Doc. 12], and Defendant has filed a reply [Doc. 15]. The Government represents that the marriage of Defendant at this time would raise potential evidentiary issues of spousal privilege, but the Government has no opposition to Defendant's marriage after the conclusion of trial. Defendant responds that even if he were allowed to marry, Defendant would not be able to assert the privilege because any relevant communications would have been made before the marriage. The Court need not determine whether spousal privilege might later become an issue, however, because the Government's concerns about spousal privilege are not legally sufficient to restrict Defendant's right to marry.

Although a prisoner's freedom to marry is constitutionally protected, an institution where a prisoner is incarcerated may in some circumstances deny the prisoner's request to marry. *See Turner v. Safley*, 482 U.S. 78, 89, 94-96 (1987). A penal institution's refusal to grant a prisoner permission to marry must be "'reasonably related to legitimate penological interests.'" *Toms v. Taft*, 338 F.3d 519, 525 (6th Cir. 2003) (quoting *Turner*, 482 U.S. at 89). On the other hand, the Government has cited no authority, and the Court is aware of none, supporting the proposition that

the prosecution (as opposed to the penal institution) can prevent a detainee from marrying before his trial. Thus, if Defendant had not been detained pending trial, the prosecution would be powerless to prevent his marriage. Put simply, the only reason the Government finds itself in a position to object to Defendant's marriage is Defendant's confinement, and the reasons for denying his permission to marry must therefore be related to the purposes of his confinement. *See Norris*, 2007 WL 4335459, at *3.

It appears the institution where Defendant is housed has not denied Defendant's request outright, but merely requires Defendant to seek the Court's leave to marry. The Court, of course, cannot authorize a greater restriction of Defendant's constitutional freedoms than would otherwise be permitted, and the Court may therefore deny Defendant's motion only if the Government's objection is grounded in legitimate penological interests. *See United States v. Norris*, 2007 WL 4335459, at *2 (N.D. Ind. 2007). The Government has not asserted any reason to delay the marriage that is related to the purposes for which Defendant has been confined nor has the Government shown that its prosecutorial concerns about evidentiary privileges are penological interests. Thus, the Court is not aware of any legal reason for prohibiting the marriage.[1]

The Court understands that a detention facility may request the Court's permission before the marriage will be allowed. To the extent that the facility requires the Court's permission, permission is **GRANTED**. Defendant, through his friends and relatives, will be responsible for making any and all arrangements regarding the marriage, and are also responsible for any and all

---

[1] The Court recently denied a similar motion to marry by a pre-trial detainee in which the Government argued that permitting the marriage would raise issues of spousal privilege. *United States v. Mercer*, No. 1:09-CR-123, [Doc. 321] (Feb. 16, 2010). In that case, however, the detainee had also been committed for a mental evaluation, and the concerns associated with the transfer and evaluation during his confinement made marriage impractical at that time.

2

costs associated with those arrangements, including any extra costs to the facility where Defendant is housed. Any and all arrangements Defendant makes must comply with any rules and/or guidelines established by the United States Marshals Service and/or the penal facility where Defendants resides. Nothing in this Order is intended to indicate that Defendant should be removed from his place of incarceration or provided any other special treatment or privileges.

SO ORDERED.

ENTER:

s/*Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

3